FOSCUE et al. v. PROVIDENT NAT. BANK OF WACO. (No. 6046.)

(Court of Civil Appeals of Texas. Austin. Feb. 12, 1919. Rehearing Denied March 26, 1919.)

1. BANKS AND BANKING ⬤⟿129—DEPOSIT BY BUYER TO PAY SELLER'S DEBTS.

Where a business was sold under agreement whereby the buyer deposited in a bank the purchase price, to be paid out to creditors of the seller on checks signed by both buyer and seller, no part of the deposit was garnishable as belonging to the seller until such creditors as he had approved by signing checks jointly with the buyer had been paid.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬤⟿4—WHAT CONSTITUTES—SALE OF BUSINESS—DEPOSIT IN BANK FOR SELLER'S CREDITORS.

Agreement whereby purchaser deposited purchase price in a bank, deposit to be paid to approved creditors of vendor on checks signed by both, did not amount to an assignment for benefit of vendor's creditors.

Appeal from McLennan County Court; James P. Alexander, Judge.

Suit by G. B. ·Foscue and others against Asa Jenkins and the Provident National Bank of Waco, as garnishee. From judgment in favor of the garnishee, plaintiffs appeal. Affirmed.

W. B. Carrington and W. L. Eason, both of Waco, for appellants.

Sleeper, Boynton & Kendall and R. O. Stotter, all of Waco, for appellee.

Findings of Fact.

JENKINS, J. Asa Jenkins was engaged in the quick tire service business in Waco, Tex. About September 1, 1917, he sold this business to F. A. Denison for $900, to be paid as follows: In order to avoid the consequences of the Bulk Sales Law (Acts 31st Leg. c. 27), where notice is not given to creditors as therein provided, Denison agreed to deposit in appellee's bank $900, out of which he was to pay the creditors of Jenkins. In order that Jenkins might pass upon the question as to whether parties claiming to be his creditors were such in fact, and in order to keep this deposit separate from Denison's current account with the bank, it was agreed that this deposit should be made in the name of Denison & Jenkins, and that the same should not be paid out by the bank, except upon checks signed by both Denison and Jenkins. To this the bank assented, and the entire amount was afterwards paid out by the bank to creditors of Jenkins on checks signed by both Denison and Jenkins. None of these payments were made until after the bank had been served with the writ of garnishment.

Appellants obtained a valid judgment against Jenkins for $257.06, with interest and costs, from which no appeal was taken, and which was unsatisfied at the time of the trial of this case.

A writ of garnishment was sued out in the case of appellants v. Jenkins, and served on the bank. The bank answered that it did not have any funds in its possession belonging to Jenkins at the time said writ was served upon it. This answer was contested by appellants. The bank at said time had in its possession the $900 above referred to. The court found that this money did not belong to Jenkins, and rendered judgment for appellee.

Opinion.

[1] The facts as hereinbefore stated are undisputed. We think that the finding of the trial court upon these facts is a correct conclusion of law. No part of the money deposited by Denison belonged to Jenkins until such of his creditors whose claims he approved had been paid; his approval to be evidenced by his signing the checks jointly with Denison. Until such payments had been made, the money remained the property of Denison.

[2] Appellants' contention is that the agreement between Jenkins, Denison, and the bank did not amount to an assignment for the benefit of Jenkins' creditors, for the reason that they were not parties to such agreement, and had not accepted the benefits thereof prior to the service of the writ of garnishment. The proposition is correct. But the question of an assignment by Jenkins for the benefit of his creditors is not in this case. Jenkins did not undertake to make an assignment for the benefit of his creditors, and he could not have assigned that which was not his. He simply agreed that Denison might pay the purchase price

of the business which he sold, by paying such of his creditors as he approved, the balance, if any, to be paid to him. These payments were to be paid, and were paid, by Denison out of his own money, and until such payments were made Denison owed Jenkins nothing. The money was deposited by Denison for this purpose, as evidence of his good faith in promising to pay such debts. All of the $900 having been consumed in paying Jenkins' creditors, in accordance with terms of the agreement, no part of same ever became the property of Jenkins.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 19, 1919.